UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| CHRISTOPHER SKEHEL, d/b/a/ The Castle Group | * * * | |
| Plaintiff, | * * | |
| v. | * * | Civil Action No. 13-cv-11202-ADB |
| PHILLIP DEPAULIS, et al., | * * | |
| Defendants. | * | |

## ORDER ON DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

March 27, 2015

BURROUGHS, D.J.

The case involves a construction dispute arising out of an oral contract for renovations on a summer residence in Nantucket, Massachusetts. Plaintiff (and Counter-Defendant) Christopher Skehel ("Skehel"), d/b/a The Castle Group, is a Nantucket-based contractor. Defendants (and Counter-Claimants) Phillip and Lisa DePaulis ("the DePaulises") are New Jersey residents who own a summer home at 39 Orange Street, Nantucket, Massachusetts. In the summer of 2010, the DePaulises hired Skehel to manage a significant renovation project on their Nantucket home. Skehel alleges he substantially completed the renovation project and claims that the DePaulises still owe him over $400,000 in unpaid invoices. The DePaulises dispute this, and counter that they have already paid Skehel over $1,500,000, which is more than the maximum budget they allege was established at the outset of the project. The DePaulises also allege that Skehel repeatedly inflated his invoices to the DePaulises, billed them for work not completed, and double-billed them on several occasions.

Skehel's Amended Complaint against the DePaulises [Docket No. 77] sets forth claims for breach of contract, quantum meruit, unjust enrichment, and breach of the covenant of good faith and fair dealing. The DePaulises' Counterclaims [Docket No. 78] allege breach of contract, breach of the covenant of good faith and fair dealing, violations of G.L. c. 93A, negligence, and deceit. On September 2, 2014, the DePaulises moved for summary judgment on all of Skehel's claims, as well as on their Counterclaims for breach of contract and violations of G.L. c. 93A. [Docket No. 88]. Skehel opposes this motion [Docket No. 92]. After reviewing the parties' briefs and the underlying record, and after a hearing before the court on March 26, 2015, the DePaulises' Motion for Summary Judgment is DENIED.

Summary judgment is only appropriate where the movant can show that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A fact is material if its resolution might affect the outcome of the case under the controlling law." Cochran v. Quest Software, Inc., 328 F.3d 1, 6 (1st Cir. 2003) (citation omitted). "A genuine issue exists as to such a fact if there is evidence from which a reasonable trier could decide the fact either way." Id. (citation omitted). In reviewing the record, the court "must take the evidence in the light most flattering to the party opposing summary judgment, indulging all reasonable inferences in that party's favor." Id. (citation omitted).

In this case, both parties' claims arise out of an oral contract between Skehel and the DePaulises. The parties do not agree on the terms of the contract. By way of example, the parties do not agree on whether they ever agreed on a maximum price for the project, the rates for Skehel's carpentry labor, or the terms of how Skehel was to be paid [Docket No. 92, pp. 4-6]. These facts are material, and essential, to resolving whether Skehel is owed additional money, and whether the DePaulises are entitled to relief for any alleged overbilling or unfair or deceptive

2

practices under G.L. c. 93A.  Where the parties' claims arise from a contract whose basic terms are in dispute, summary judgment is unwarranted.  The terms of the contract are a question of fact for a jury to decide.  See Edwards v. New England Tel. & Tel. Co., 83 F.R.D. 396, 398 (D. Mass. 1979) (Zobel, D.J.); Price Chopper, Inc. v. Consol. Beverages, LLC, No. CIV. 09-10617-FDS, 2011 WL 901817, at *6 (D. Mass. Mar. 11, 2011) (Saylor, D.J.) (citing Coll v. PB Diagnostic Sys., Inc., 50 F.3d 1115, 1122 (1st Cir. 1995)).  Accordingly, the Defendants' Motion for Summary Judgment is DENIED.

    **SO ORDERED.**

Dated: March 27, 2015

                                            /s/ Allison D. Burroughs
                                            ALLISON D. BURROUGHS
                                            DISTRICT JUDGE